UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KEVIN C. SMURPHAT,

                              Petitioner,

            v.                                                    9:21-CV-0549
                                                                  (GTS)
WASH. CO. SHERIFF,

                              Respondent.

_____

APPEARANCES:                                          OF COUNSEL:

KEVIN C. SMURPHAT
7477
Petitioner, pro se
Washington County Jail
399 Broadway
Fort Edward, NY 12828

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

        Petitioner Kevin Smurphat filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, as well as an application to proceed in forma pauperis ("IFP").  Dkt. No. 1,

Petition ("Pet."); Dkt. No. 2, IFP Application.

        The Court granted petitioner's IFP Application and directed him to file an amended

petition (1) addressing the timeliness of his habeas action and (2) outlining how he

exhausted his state court remedies.  Dkt. No. 3, Decision and Order ("May Order").

        Petitioner requested, and was granted, an extension of time to file his amended

petition.  Dkt. No. 5, Letter Motion; Dkt. No. 6, Text Order (granting 45-day extension).

Petitioner's submission was due on or before August 12, 2021.  Dkt. No. 6.

On August 11, 2021, the Court received a letter from petitioner requesting that his habeas petition be withdrawn.  Dkt. No. 7.  Specifically, petitioner indicated that he had unsuccessfully attempted to visit the law library on multiple occasions, and that his attempts to grieve his lack of access had been ignored.  *Id*. at 1-2.  Petitioner concluded that there was "no other option but to withdraw [his] petition until such time as [he had] adequate access to the law library and/or legal materials."  *Id.* at 2.

On August 27, 2021, the Court issued an order providing petitioner thirty-days leave to either (1) renew his request for a voluntary dismissal or (2) file an amended petition.  Dkt. No. 8, Decision and Order ("August Order").  In the August Order, the Court warned petitioner that his habeas claims were subject to a one-year statute of limitations and a voluntary withdrawal of his habeas petition at this point may result in any future petition being subject to dismissal as time-barred.  *Id.* at 2.  Moreover, the Court instructed petitioner that in order for his action to continue, he "must file an amended petition which lists which state court actions directly or collaterally attacked his state court conviction, when they were filed, where they were filed, when they were decided, and the dates of decision on any resulting appeals."  *Id.* at 2 (citing May Order at 6).

On August 27, 2021, the Clerk's Office served petitioner with a copy of the August Order via regular mail.  *See* Dkt. Entry for August Order.  "Where a docket shows that a[n order] was mailed by the Clerk of the Court to a party and there is no evidence that the mailing was returned to the Clerk by the post office, there is a presumption of receipt."  *Cordon v. Greiner*, 274 F. Supp. 2d 434, 442 (S.D.N.Y. 2003); *see also Perfetto v. Kuhlmann*, 1998 WL 398814, at *1 (2d Cir. Jun. 5, 1998) (explaining that because "[t]he

2

docket sheet was mailed to [petitioner] . . . and was not returned as undelivered, . . . [petitioner] presumably received it[.]").  The Order was not returned to the Court as undeliverable.

This presumption of receipt can be rebutted by a specific factual denial of receipt." *Bourgal v. Robco Contracting Enterprises, Ltd.*, 17 F. Supp. 2d 129, 132 (E.D.N.Y. 1998) (internal quotation marks and citations omitted).  Petitioner has not provided any evidence that the August Order was not served upon him.  In fact, petitioner failed to respond at all.

While petitioner's silence may, at first blush, make it appear unclear how he wishes to proceed, the Court has determined that the circumstances indicate otherwise.  First, petitioner's last correspondence to the Court was a motion to withdraw.  Dkt. No. 7.  Second, the May and August Orders detailed to petitioner that the contents of his petition were insufficient to warrant habeas relief because, on the face of his petition, the claims appeared both unexhausted and untimely.  May Order at 3-6; August Order at 2-3.  After receiving warnings that (1) withdrawal could jeopardize his claims and (2) his petition could not proceed without amendment, petitioner chose not to respond.  Petitioner's persistent lack of engagement continues to support the intention behind his prior request to withdraw his petition.

Moreover, petitioner was explicitly instructed that exhaustion of state court remedies was a prerequisite to applying for habeas relief.  May Order at 4 (quoting 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii)).  Given the petition's failure to properly demonstrate exhaustion of his state court remedies, "Habeas Corpus Rule 4 requires the Court to summarily dismiss the petition [because] . . . it plainly appears that the petitioner is not entitled to relief in the district court."  *Simmons v. Sheahan*, No. 1:14-CV-3998, 2015 WL 5146149, at *3 (S.D.N.Y. Aug.

3

31, 2015) (quoting *Mayle v. Felix*, 545 U.S. 644, 545 (2005); Rules Governing Section 2254

Cases in the United States District Courts ("Habeas Rules"), Rule 4) (internal quotation

marks omitted)).

      **WHEREFORE**, it is

      **ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE**; and it

is further

      **ORDERED** that no certificate of appealability ("COA") shall issue in this case because

petitioner has failed to make a "substantial showing of the denial of a constitutional right"

pursuant to 28 U.S.C. § 2253(c)(2).[1]  Any further request for a COA must be addressed to

the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

      **ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in

accordance with the Local Rules.

Dated: October 19, 2021

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[1] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).